UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

KENIA HETTINGA-SAAVEDRA,

    Plaintiff,

vs.

REX THREE, INC., a Florida Profit Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, KENIA HETTINGA-SAAVEDRA, (hereinafter "Plaintiff") by and through her undersigned attorney hereby files this Complaint against Defendant, REX THREE, INC., a Florida Profit Corporation (hereinafter, "Defendant"). In support of her complaint, Plaintiff would state the following:

### JURISDICTION AND VENUE

1. This is an action for damages excluding attorneys' fees or costs and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

2. This Court has jurisdiction of the claims herein pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

1

3. The claims asserted in this Complaint arose in Broward County, Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; Defendant is subject to personal jurisdiction herein and at all material times conducted, and continues to conduct, business in this District; and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

5. All conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

6. At all relevant times, Plaintiff was a resident of Broward County, Florida and over the age of eighteen and otherwise *sui juris*.

7. Plaintiff is a member of a class protected under Title VII, the Civil Rights Act, FCRA, ADA, and ADAAA in that she is a person with a disability as defined by those Acts.

8. Defendant is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Sunrise, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with FMLA, Title VII, ADA, ADAAA, FCRA (29 U.S.C. § 2611(4)(A)(iii); 42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about July 28, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from her position on or about April 3, 2020. Her Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue on April 13, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

## **PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff was employed by Defendant from 2013 through April 3, 2020 as a machine operator.

17. On January 27, 2017, Plaintiff had a work-related accident where she injured her right knee. As a result of the accident, Plaintiff was diagnosed with a sprain of the AC ligament of the right knee and had to undergo two surgeries and therapy to improve her condition.

18. Plaintiff, continued to work with Defendant and was at all times qualified for her position in that she performed her duties without discipline.

19. Starting in March of 2020, Plaintiff began to experience pain and swelling on her right knee. As a result of the excruciating pain, Plaintiff missed some days of work. Plaintiff notified her

supervisor Martha Suri of her condition and requested to see a doctor in relation to her job-related injury.

20. Plaintiff was diagnosed with Chondromalacia patellae. This is a condition which is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to, at minimum, her ability to climb, stand, and walk. The ability to stand, walk, or climb are considered "major life activities" as defined by the ADA and ADAAA. As a result, at that time Plaintiff was placed under work restrictions limiting her work to sedentary activities only.

21. Plaintiff discussed the doctor's instructions and made a request for reasonable accommodation (to work sitting down) to her supervisor Ms. Suri in March 2020.

22. Upon information and belief, Ms. Suri informed Sandra (LNU) in Human Resources of Plaintiff's request. Ultimately Defendant denied Plaintiff's accommodation request. Ms. Suri advised Plaintiff that the company could not accommodate her.

23. On or about April 3, 2020, shortly after that conversation with Ms. Suri, Plaintiff terminated without prior notice or warning.

24. After the termination meeting, Ms. Suri told the Plaintiff that if she spoke English, she could have placed her in a position inside the office to accommodate her doctor's limitations.

25. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

26. Upon information and belief, Plaintiff alleges that similarly situated non-disabled employees that did not speak English like Natalia Forero, Esmeralda Vienis and Maria Ruales, were allowed to work inside the office.

27. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability, her request for accommodation and her national origin were motivating factor(s) in the decision for the adverse employment action(s).

28. Plaintiff has retained the undersigned firm to prosecute this action on or behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
## DISABILITY DISCRIMINATION
## UNDER THE ADA AND ADAAA

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

30. Plaintiff is disabled as she suffers from Chondromalacia patellae which is a condition which substantially limits one or more major life activities.

31. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

32. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

33. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). These requests were reasonable and would not have caused Defendant undue hardship.

34. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

35. Plaintiff believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying her request(s).

36. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activity to wit: standing, walking, climbing and/or Plaintiff's record of having such disability.

37. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

38. Defendant's stated reason for terminating—is not based on any known facts in this case.

39. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

40. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of her disability by terminating her because of her condition under the circumstances described above.

41. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

42. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of

1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

43. Defendant's alleged reason(s) for its disparate treatment of Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff requests that:

A. Actual damages as a result of Defendant's discriminatory actions;

B. Punitive damages due to Defendant's willful behavior;

C. Compensatory damages;

D. Injunctive relief where feasible;

E. Attorney's fees;

F. Costs of this action; and

G. Any other relief this Court deems proper.

## COUNT II
## FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE ADA AND ADAAA

44. Plaintiff incorporates herein the allegations contained in paragraphs 1–28, inclusive, as though same were fully re-written, and says:

45. Plaintiff is disabled as she suffers from Chondromalacia patellae which is a condition which substantially limits one or more major life activities.

46. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation in that he never received a negative review or appraisal and was recommended and praised by her supervisor prior to her diagnosis in March 2020.

47. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

48. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

49. At the time of her diagnosis, Plaintiff was working as an operator and was required to stand, climb, and walk for periods of time.

50. Working at this position, therefore, exacerbated Plaintiff's condition. As such, Plaintiff requested that she be transferred to another position where she could perform her tasks sitting down.

51. Plaintiff made this request to supervisor Ms. Zuly in March 2020.

52. This request was reasonable and would not have caused Defendant undue hardship in that Defendant had positions available doing paperwork.

53. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

54. Plaintiff believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying her request.

   WHEREFORE, Plaintiff requests judgment against Defendant as follows:

   A. Actual damages as a result of Defendant's discriminatory actions;
   B. Punitive damages due to Defendant's willful behavior;
   C. Compensatory damages;
   D. Injunctive relief where feasible;
   E. Attorney's fees;
   F. Costs of this action; and

G. Any other relief this Court deems proper.

### COUNT III
### VIOLATION OF THE ADA AND ADAAA
### (RETALIATION)

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

56. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to Ms. Zuly, who knew of Plaintiff's disability.

57. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was terminated without valid reason.

58. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

59. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA.

60. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

61. Defendant's stated reason(s) for denying Plaintiff's request for accommodation is pretextual.

62. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, were a motivating factor for the disparate treatment of Plaintiff and the decision for the adverse employment action(s).

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's

discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

64. Section 760.10 of the FCRA states in relevant part

    (1) it is unlawful employment practice for an employer:
    (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

65. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

66. Specifically, Plaintiff alleges that Defendant wrongfully denied her reasonable requests for an accommodation to her disability.

67. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life

activities, and/or Plaintiff's record of having such disability.

68. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

69. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

70. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

71. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

    employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## COUNT FIVE – VIOLATION OF THE FCRA
## (RETALIATION)

72. Plaintiff re-alleges and re-avers paragraphs 1-28 as though full set forth herein.

73. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

74. In March 2020, Plaintiff made a request for a reasonable accommodation for her disability. This request was a protected activity under the FCRA.

75. As a direct result of Plaintiff's request, Defendant terminated Plaintiff without valid cause.

76. Plaintiff's request for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to terminated Plaintiff.

77. Defendant knew of Plaintiff's disability and her request as Plaintiff made this request to Ms. Zuly who is Plaintiff's supervisor.

78. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the

form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

79. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

80. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

81. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

B. compensatory damages;

C. punitive damages;

D. attorney's fees and costs; and

E. any other award this Court deems necessary.

## COUNT VI
## VIOLATION OF THE FMLA (INTERFERENCE)

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

83. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the

current or preceding calendar year.

84. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

85. Plaintiff was eligible for FMLA leave due to her own serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(c).

86. She requested notified Defendant of her need for leave pursuant to the statute and provided all the information required by Defendant.

87. Under the FMLA, 29 U.S.C. § 2614(a), Plaintiff had the right to take up to twelve workweeks of leave under the Act. Despite this, the Defendant did not provide the employee with an eligibility/rights and responsibilities notice or a designation notice.

88. As a direct result, Plaintiff did not take leave and was ultimately terminated. Thus she has suffered, and will continue to suffer, a loss of wages and benefits.

89. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

90. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees.

91. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests judgment for:

   A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

C. Interest on the amount found due;

D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff KENIA HETTINGA-SAAVEDRA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 8, 2021

**PEREGONZA THE ATTORNEYS PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com